Harold Eugene **WENZLER**, Jr., Appellant,

v.

Peter **PITCHESS**, Sheriff of Los Angeles County, et al., Appellees.

No. 19881.

United States Court of Appeals Ninth Circuit.

April 11, 1966.

Rehearing Denied June 8, 1966.

Stanley Fleishman, Hollywood, Cal., for appellant.

Byron B. Gentry, David Press, Pasadena, Cal., for appellees.

Before JERTBERG and DUNIWAY, Circuit Judges, and THOMPSON, District Judge.

DUNIWAY, Circuit Judge:

Wenzler was convicted of violating the California obscenity law, Penal Code, § 311.2.[1] He was sentenced to 30 days in jail and a fine of $500.00. He appealed, unsuccessfully, and also sought writs of habeas corpus from the California courts, again unsuccessfully. Having exhausted his state remedies and been taken into custody, he turned to federal habeas corpus. His petition was denied, after a hearing, and he appeals.

The basic facts are not disputed. Wenzler operated a moving picture theatre in Pasadena, featuring "nudie" type moving pictures. At the lobby candy counter, he sold 8 mm. moving pictures for home use. The offense was the sale of such film. Jacobellis v. State of Ohio, 1964, 378 U.S. 184, 187–188, 84 S.Ct. 1676, 12 L.Ed.2d 793, requires that the court in which a first amendment right

---

1. "Every person who knowingly * * * publishes * * * exhibits, distributes, or offers to distribute, or has in his possession with intent to distribute or to exhibit or offer to distribute, any obscene matter is guilty of a misdemeanor."
Obscenity is defined in Penal Code, Section 311(a):
   "(a) 'Obscene' means that to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest, i. e., a shameful or morbid interest in nudity, sex, or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters and is matter which is utterly without redeeming social importance."
This is obviously based upon the Supreme Court's attempt at a definition of the term in Roth v. United States, 1957, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498.

to publish is asserted must itself read or view the material in question. The district judge saw the film. We have also seen it. He also read the transcript of the trial, in which Wenzler was convicted by a judge, sitting without a jury. We have also read it. The district judge concluded that the film is "hard core pornography," and that Wenzler has not been deprived of a constitutional right.

We agree. Roth v. United States, 1957, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed. 2d 1498; A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Com. of Massachusetts, 1966, 86 S.Ct. 975; Mishkin v. New York, 1966, 86 S.Ct. 958; Ginzburg v. United States, 1966, 86 S.Ct. 942; cf. Zeitlin v. Arnebergh, 1963, 59 Cal.2d 901, 31 Cal.Rptr. 800, 383 P.2d 152. If, as we hold, what Wenzler sold was hard core pornography, the mere fact (if it be a fact) that others whose product does not fall within that category might have been convicted under the California statute as it was construed at the time of his conviction does not entitle Wenzler to relief in this collateral attack upon his conviction.

Affirmed.