**CITY OF BOSTON et al., Plaintiffs,**

v.

**Patricia Roberts HARRIS, Secretary of Housing and Urban Development, et al., Defendants.**

**Civ. A. No. 75–902–C.**

United States District Court,
D. Massachusetts.

Dec. 15, 1978.

Thomas H. Martin, Mason & Martin, Boston, Mass., for plaintiffs.

U. S. Atty. Edward Harrington, Asst. U. S. Atty. Carolyn Grace, Boston, Mass., Barrie Lynn Goldstein, Dept. of Justice, Washington, D. C., for defendants.

MEMORANDUM

CAFFREY, Chief Judge.

In 1975 plaintiff, the City of Boston (City), filed this action against the Secretary of the Department of Housing and Urban Development (HUD) seeking injunctive and declaratory relief against the operation of 24 C.F.R. 403.1 *et seq.* under which rent levels in federally subsidized and insured housing projects come within the exclusive control of HUD.

The City's motion for summary judgment was denied in April of 1975. However, when HUD's authority to set rents was clarified by amendment in October, 1975, the City submitted a substitute complaint which sought a declaration by this Court that the City had the right to regulate rents in federally insured and subsidized housing projects free of federal interference.

---

In 1976 HUD moved to add the Rent Control Board of the City of Boston as a party plaintiff and to amend its answer to include a counterclaim seeking a declaration by the Court that the City's rent control ordinances, City of Boston Code, Ordinances, Title 10, § 100 *et seq.* (1975), violated the Supremacy Clause of the United States Constitution. U.S.Const., Art. VI, cl. 2. These unopposed motions were allowed, and thereafter this Court considered HUD's motion for summary judgment against City as to City's claim and HUD's motion for a preliminary injunction against City's discouragement of or interference with landlords' collection of HUD-approved rent increases. HUD also sought an order barring any action by the City inconsistent with 24 C.F.R. 403.1 *et seq.* On September 30, 1976, this Court entered an order and filed a memorandum allowing HUD's motion for preliminary injunction but denying its motion for summary judgment. *City of Boston v. Hills,* 420 F.Supp. 1291 (1976). The basis for the Court's denial of summary judgment was a single unresolved issue of fact—whether or not a causal relationship existed between the Boston rent control ordinances and mortgage foreclosures in federally subsidized and insured housing units.

Defendant HUD has now renewed its motion for summary judgment on the basis of the recent Supreme Court decision in *Jones v. Rath Packing Co.,* 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977), and HUD relies on that decision in maintaining that the issue of fact upon which this Court based its earlier denial of summary judgment is not material to the resolution of the legal issue before the Court.

Plaintiff City argues that the existence of a causal connection is a material issue and that this Court is bound by the decision of the First Circuit Court of Appeals in *Kargman v. Sullivan,* 552 F.2d 2 (1st Cir. 1977).

In *Jones, supra,* the Supreme Court ruled that in areas where state powers have not historically been superseded by federal authority, unintentional disruptions of the federal-state balance will not be allowed. It must be shown that Congress intended to preempt state law in one of two ways. Congress must expressly, or by implication of the statutes' structure and purpose, state its intention to so preempt. If Congress does not so state, a conflict with state law will be sufficient to establish that a preemption has taken place.

In considering whether or not the California statute was preempted by the Federal Meat Inspection Act (FMIA), the court did not look beyond the preemption provision which Congress had included in the federal act. Upon ruling that the preemption provision operated against the petitioner, the court ruled that the state statute was preempted by the FMIA on that basis alone and did not proceed to determine whether or not a conflict existed between the two statutes. It was only in its examination of the Federal Drug and Cosmetic Act and the Federal Packaging and Labeling Act where there was not an operative preemption provision that the court sought to find a conflict.

Applying *Jones v. Rath Packing Co., supra,* to the instant case, the only determination necessary is whether the express preemption provision promulgated by the Secretary of HUD was authorized by a valid delegation of congressional authority and properly promulgated pursuant to that delegation. If the Secretary of HUD had authority to promulgate such a regulation and acted in accordance with that authority, the regulation has the force and effect of federal law and the Supremacy Clause operates.

In considering defendant's motion for preliminary injunction, in 1976 this Court ruled that 24 C.F.R. 403.1 *et seq.* were validly promulgated by the Secretary of HUD pursuant to a proper delegation of congressional authority in the National Housing Act. Thus, this Court has already ruled that the regulation is valid and has the force and effect of federal law. *City of Boston v. Hills, supra.* In light of the Supreme Court's subsequent decision in *Jones v. Rath Packing Co., supra,* therefore, I rule that the Boston Rent Control ordinance has

been preempted and this Court need not look beyond the express exemption provision. Because there was no express preemption operative on the facts of *Kargman v. Sullivan, supra,* I further rule that the rationale of that case is inapplicable here. An Order will be entered allowing defendants' motion for summary judgment.