■ SOKOL APARTMENTS, INC., Appellant, v ROSE G. BERLENGHI, Respondent.—In a summary proceeding pursuant to article 7 of the Real Property Actions and Proceedings Law, the petitioner appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated January 2, 1979, which affirmed a judgment of the Civil Court of the City of New York, Queens County, entered April 5, 1978, which dismissed the petition. Order of the Appellate Term and judgment of the Civil Court both reversed, on the law and as a matter of discretion, without costs or disbursements, and case remitted to the Civil Court, Queens County, for further proceedings in accordance herewith. The apartment occupied by the respondent is located in a building situated at 23-35 Broadway in Queens, which building is covered by a Federally insured mortgage. It is alleged that the rent stabilization law insofar as it affects this particular apartment has been superseded by a determination of the United States Department of Housing and Urban Development (HUD) increasing the rents in accordance with Federal regulations (see 24 CFR 403; cf. *City of Boston v Hills,* 420 F Supp 1291). However, we believe that HUD is only authorized to protect its "economic interest[s]" (24 CFR 403.1 [a]) and, therefore, to pre-empt only so much of the local rent laws as are inconsistent with its determination, i.e., "purports to regulate [the] rents of [a pre-empted building]" (24 CFR 403.1 [b]; see *City of Boston v Harris,* 461 F Supp 1201; Administrative Code of City of New York, § YY51-3.0, subd a, par [1]). In our view, the regulations were never intended to automatically exempt Federally insured housing from *all* local rent laws, and the claimed pre-emption is not therefore, absolute (see *Bianchi v Ganz,* 82 Misc 2d 478,

480). Accordingly, we conclude that petitioner improperly pleaded that its premises were not subject to either rent control or rent stabilization by virtue of pre-emption by the Federal Government (see 22 NYCRR 2900.21 [e]), and that dismissal of its petition based on the failure to prove "pre-emption" was thus technically correct. We believe, however, that dismissal is too harsh a remedy in view of petitioner's good faith reliance upon HUD's actions, and that a wiser and fairer manner of proceeding would be to permit the petitioner to reopen its case for the purpose of proving (1) that it has complied with those portions of the local rent laws which have not been pre-empted, and (2) that it has complied with HUD's own guidelines, and to deem the pleadings amended to conform to the proof in the event that petitioner can successfully carry its burden and establish a prima facie case (see CPLR 3025, subd [c]). The question of the validity of HUD's internal procedures for the granting of a "pre-emption order" is not properly before the court (see *Wasservogel v Meyerowitz,* 300 NY 125, 133; see, also, *Fieger v Glen Oaks Vil.,* 309 NY 527). Hopkins, J. P., Suozzi, Gulotta and Cohalan, JJ., concur.