OPINION OF THE COURT
Maurice Harbater, J.
In this holdover summary proceeding, the landlord alleges in its petition that the premises are not rent controlled or rent stabilized as a result of “Mitchell-Lama construction under N.Y.C. Housing and Development Administration.”
The landlord seeks to evict the tenant and has refused to offer a renewal lease. No allegations of wrongful conduct have been asserted against this tenant. The tenant desires a lease and is willing to pay any amount of rent authorized by law in order to continue his tenancy.
ISSUE
The parties have stipulated that the sole issue is whether or not the tenancy herein may be terminated without cause on 30 days’ notice. The tenant’s three-year lease expired on August 31, 1980. All other questions, whether jurisdictional or not, are waived.
FACTS
The parties herein have stipulated on an agreed set of facts. This multiple dwelling of six or more housing units *186 was constructed with financing provided under the terms of the Private Housing Finance Law. As such, it was subject to the rules and regulations governing city-aided limited profit housing companies by the Department of Housing Preservation and Development (DHPD).
In September, 1978, the mortgages covering the premises were refinanced by the United States Department of Housing and Urban Development (HUD) in accordance with the Code of Federal Regulations (24 CFR — Housing and Urban Development) promulgated to effectuate a refinancing of Mitchell-Lama mortgages.
Subsequently, DHPD’s rules and regulations were revised by section 14 of article XX, which provides “lease termination and renewals” shall not be applicable to those developments which have been refinanced under the Federal 223 (f) program.
Under title 24 of the Code of Federal Regulations, the property involved herein is an unsubsidized project with a mortgage held by HUD. The respondent was a tenant of these premises prior to the date of the refinancing arrangement between the petitioner and HUD. The respondent’s expired lease provided that it was to “be subject and subordinate *** to all mortgages which may now or hereafter affect such leases”.
ARGUMENT
The petitioner claims that the within premises is totally exempt from all controls because of the Mitchell-Lama financing and the subsequent refinancing of the mortgages “by HUD in 1978 so as to no longer subject landlord to the H.P.D. provisions as set forth in Article XX of the H.P.D. regulations.”
THE LAW
The petitioner presumes too much. It has failed to prove any pre-emption order or determination by HUD. The fact that the rules and regulations of the DHPD governing lease terminations and renewals may no longer be under its control does not imply that there is no body of law in existence which protects the tenant from eviction “without cause.”
*187 Even if there were a pre-emption order by the Federal Government, it would still not give this landlord the right to refuse to renew this tenant’s lease and eyict “without cause.”
The property involved (as stipulated by the parties) is an unsubsidized project with a mortgage held by HUD. A review of the relevant regulations (24 CFR Part 403) indicates that the sole concern of HUD is to protect its economic interest. It is only authorized to intervene with local authorities to the extent of pre-empting the regulations of rents. Such regulations do not empower HUD to totally supersede local regulations.
HUD is only authorized to protect its “economic interest” (24 CFR 403.1 [a]) and, therefore, to pre-empt only so much of the local rent laws as are inconsistent with its determination, i.e., “purports to regulate [the] rents of [a preempted building]” (24 CFR 403.1 [b]; see City of Boston v Harris, 461 F Supp 1201; Administrative Code of City of New York, § YY51-3.0, subd a, par [1]).
The regulations were never intended to automatically exempt Federally insured housing from all local rent laws, and the claimed pre-emption is not, therefore, absolute. (See Bianchi v Ganz, 82 Misc 2d 478, 480; see, also, Sokol Apts. v Berlenghi, NYLJ, Jan. 11, 1979, p 14, col 5, revd on other grounds 71 AD2d 622.)
Therefore, the petitioner improperly pleaded that its premises were not subject to either rent control or rent stabilization by virtue of pre-emption (see 22 NYCRR 2900.21 [e]).
The court further finds that the within premises are subject to rent stabilization and the tenant is protected by its provisions, except for the fixing and regulating of the maximum permissible rents that the owner of a project financed by a HUD mortgage may charge.
As previously stated, the respondent is ready, willing and able to pay any lawful rent and desires to continue to remain as a tenant.
Petition is dismissed.