OPINION OF THE COURT
Memorandum.
Final judgment and order affirmed, with $25 costs.
The premises herein is an “unsubsidized insured project” refinanced under the Department of Housing and Urban Development (HUD) (see 24 CFR Part 403, subpart B). Those regulations have been interpreted as permitting HUD to pre-empt local rent laws with regard to the setting of rent but not as providing for an automatic pre-emption (Sokol Apts, v Berlenghi, NYLJ, Jan. 11, 1979, p 14, col 5, revd on other grounds 71 AD2d 622). In the case at bar, there has been no application on the part of the petitioner *813 for pre-emption and, therefore, the local rent rules will govern, if applicable to this type of housing.
This building falls within the provisions of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4), since it does not come within any of the exceptions mentioned in said law (Emergency Tenant Protection Act of 1974, § 5). Said law provides, in effect, that for cities having a population of more than 1,000,000, that the provisions, rules and regulations of the Rent Stabilization Law of 1969 (Administrative Code of City of New York, § YY51-1.0 et seq.) are to govern. Such provisions coincide with subdivision b of section YY51-3.0 of the Administrative Code, which provides that the Rent Stabilization Law will apply to “other housing accommodations made subject to this law pursuant to the emergency tenant protection act of nineteen seventy-four.” Therefore, the building in question does come under the provision of the Rent Stabilization Law.
Based on the return on appeal before us, we conclude that no application for pre-emption was made by the landlord herein. As such, HUD has not pre-empted the rent field for this building and landlord would be permitted to apply for rent increases to the New York Rent Stabilization Board if it otherwise qualified for such increase.
Pino, P. J., Hirsch and Kunzeman, JJ., concur.