OPINION OF THE COURT
Peter M. Wendt, J.
This is a motion by petitioner under CPLR 3211 (b) and *623 3212 for an order dismissing respondent’s first and second affirmative defenses in a proceeding for nonpayment of rent. Both affirmative defenses focus on the contention that the premises are subject to a mortgage insured by the United States Department of Housing and Urban Development (HUD) pursuant to section 221 (d) (4) of the National Housing Act (12 USC § 1715l [d] [4]). The first affirmative defense claims that the regulations of the Secretary of HUD prohibit the commencement of legal proceedings seeking the eviction of any tenant in a building subject to a mortgage insured by HUD pursuant to section 221 (d) (4) of the National Housing Act without prior service of a 10-day notice of default. The second affirmative defense asserts that Federal regulations prohibit any owner of premises insured by HUD from charging any rental in excess of the amount approved by said Department. The court will begin its discussion by focusing on the propriety of the second affirmative defense.
It is undisputed that the premises are subject to a mortgage insured by HUD pursuant to section 221 (d) (4) of the National Housing Act. The purpose behind the act is "to assist private industry in providing housing for low and moderate income families and displaced families.” (12 USC § 1715l [a].) The act seeks to foster the development of moderate-income housing projects by providing Federally insured mortgages at lower interest rates to owners who may not otherwise qualify for assistance from private lending institutions. However, as consideration for receiving this economic benefit from the Federal Government, the owner is required to comply with HUD rules and regulations.
Title 24 of the Code of Federal Regulations contains the guidelines and requirements for supervision of private mortgagors who receive an insured mortgage from the Federal Government through HUD. For mortgages insured prior to November 30, 1983, "[t]he mortgagor may make no charges for the accommodations (rents), facilities, or services * * * in excess of those that the Commissioner authorizes.” (24 CFR 207.19 [e] [2].) "After initial rents are determined, the Commissioner may approve rental adjustments * * * at the option of the mortgagor”. (24 CFR 207.19 [e] [2] [ii].) These regulations are implemented through HUD which sets certain enumerated guidelines for rental rates. "The maximum rental that may be charged is determined on a project-by-project basis. Project owners may not charge a gross rental in excess of that determined by HUD-FHA as necessary to pay a fee for *624 adequate management and meet all expenses, reserve, mortgage obligations and provide a reasonable profit. With prior HUD-FHA approval the rental income maximum may be increased in response to demonstrated increases in operating expense (primarily maintenance and taxes).” (Mortgage Insurance for Moderate-Income Housing Projects § 221 [d] [4], Program Participants and HUD Staff Handbook § 1-10 [b], Dec. 1972 [reprinted Sept. 1986].) Therefore, if a landlord elects to increase the rental rates for units in a building subject to a Federally insured mortgage, the landlord must first obtain approval from HUD before passing along a rent increase to the tenants.
Petitioner’s claim that respondent’s affirmative defense requires preemption of the Rent Stabilization Law and Code is without merit. It is petitioner’s contention that respondent is asserting that, "the Rent Stabilization Law and Code of the City of New York have been superseded and pre-empted by a so-called regulatory agreement between the Federal Government and the prior owner of the premises, wherein, the Federal Government insured the mortgage granted to the former owner with regard to the subject premises.” This court recognizes the authority raised by petitioner that "[HUD] regulations were never intended to automatically exempt Federally insured housing from all local rent laws” (Sokol Apts. v Berlenghi, 71 AD2d 622). However, the question of whether HUD regulations preempt local rent regulation is not the issue before the court. The fact that respondent’s apartment is subject to rent stabilization does not exempt the landlord from the regulatory supervision of HUD. Since petitioner neither sought nor received HUD approval to increase the rent based upon the guidelines of local rent regulation, the landlord cannot unilaterally elect to charge a rent increase otherwise allowed by the Rent Stabilization Law and Code. Where a landlord receives Federal funding, that landlord is required to comply with the Federal regulations supervising the loan. If it receives permission from HUD, it can then obtain the rent increases authorized under the Rent Stabilization Law. This does not mean that an application to the Federal authorities is required every year or two. The landlord can, in its application to HUD, seek authorization for an increase that will encompass possible rent guideline in *625 creases for a few years in advance.* Respondent correctly states that petitioner is charging rent in excess of the amount authorized by HUD.
The Rent Stabilization Law (Administrative Code of City of New York § 26-501 et seq.) and Code and the Rent Guidelines Board (see, Rent Stabilization Code [9 NYCRR] §§ 2522.1, 2522.2, 2522.4) merely provide maxima which a landlord cannot exceed. They do not set rents at specific amounts, nor do they provide mínimums. A monthly rental for a unit in an amount less than that permissible by law — either pursuant to an agreement between landlord and tenant or when set by Federal regulations — is in no sense violative of the Rent Stabilization Law nor would it run contrary to the statute. Since the petitioner is charging rent in excess of the amount approved by HUD, the landlord is in violation of the National Housing Act and Federal regulations governing the adjustment of rent. For its failure to obtain approval from HUD, petitioner is not entitled to the rent guidelines increases to which it would be otherwise entitled under the Rent Stabilization Law.
As a matter of public policy, where a landlord avails itself of the benefits of a mortgage insured by the Federal Government, it is required to comply with the Federal statute, rules and regulations governing the mortgage. The HUD regulatory scheme requires the landlord to demonstrate an "increase in operating expense” (see, HUD Handbook § 1-10 [b]) in its application to HUD before it can receive HUD approval to apply increases authorized by local law to the rent. Consequently, the Federal law does not derogate from the State or local law. Preemption is therefore not an issue in this case. The Federal and local statutes (National Housing Act and Rent Stabilization Law and Code) are to be read in pari materia. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 221, at 374-379.)
Accordingly, summary judgment is awarded to respondent on his second affirmative defense; the petition is dismissed *626 with prejudice. Since the proceeding is dismissed for this reason, the court need not and shall not address petitioner’s motion regarding the first affirmative defense.
Respondent’s counterclaims, claim for attorneys’ fees and other relief are severed.

 For instance, if HUD authorizes a 30% increase over the current rent, the landlord can continue to increase rent annually based upon the rates authorized by the Rent Guidelines Board without renewing its application each year. This procedure can continue without successive applications to HUD until the landlord reaches the original 30% cap.