## McFARLANE v. WINTERS.

No. 7201.   Decided January 11, 1949.   (201 P. 2d 494.)

See 49 C. J. S., Judgments, sec. 77; 30 Am. Jur. 50. Law of the forum as governing right to and rate of interest on judgments, note, 78 A. L. R. 1063.

*E. LeRoy Shields*, of Salt Lake City, for appellant.

*Lewis Larson*, of Manti, for respondent.

PRATT, Chief Justice.

This is an action which was instituted to renew a judgment, which had previously been renewed from time to time after its initial entry in 1914. The original action was in tort for personal injury and property damage. 47 Utah 598, 155 P. 437, L. R. A. 1916D, 618. Each judgment as renewed included the total sum of the judgment preceding it plus the unpaid interest. This is alleged to be erroneous as compounding interest. In this last effort to renew, objection is raised to the proceeding upon the ground that the attorney had no right to proceed, as his client, the plaintiff was long since dead. Death is founded upon an alleged continued and unexplained absence for more than seven years.

Considering first the objection as to computing the judgment:

There is nothing in our code upon the subject of interest, which prevents the inclusion of interest due as part of the principal of a judgment to be renederd; and as Section

44-0-4, U. C. A. 1943, provides that a judgment, which is not upon an obligation where the rate of interest is fixed, shall bear interest at the rate of 8% per annum, the effect will, of course, be to give interest upon interest. This however is in accord with the general rule upon the subject. 47 C. J. S., Interest, p. 34, § 21b and note 92. Our code sections on usury apply to relationships between parties established by their voluntary acts, and not to interest imposed by statute. We find no error in the lower court's computation of the judgment.

The matter of continuous and unexplained absence as evidencing death is purely a matter of a presumption of fact which, of course, is rebuttable. 16 Am. Jur. 21, Sec. 21. The lower court was the trier of the facts in this case, and as there is proof in the record that plaintiff was seen in Provo, Utah, in 1947, we cannot very well say to the lower court that such evidence should not have been believed. The expense of keeping the litigation alive apparently has been borne by a brother in the interest of plaintiff's wife, and also by the attorney. From the testimony given, it is quite clear that plaintiff did not wish to let his family know of his whereabouts, which accounts for their absence of knowledge as to him. Two of them ( his wife and his brother) did admit, however, that they had seen correspondence with his handwriting upon it, at his mothers in 1941. The witness, however, who gave the strong testimony about him was the one who saw him in Provo, and tried to follow him for the purpose of speaking to him, but was unsuccessful due to his obvious intention to avoid her. 16 Am. Jur. 22, Sec. 21.

There is some suggestion in the case that the authority of the attorney to act is in question even though his client is alive. However, that matter is not argued in the appellant's brief, and we do not pass upon it.

Judgment of the lower court is affirmed. Costs to the respondent.

WADE, LATIMER, WOLFE, and McDONOUGH, JJ., concur.