REID et al. v. ANDERSON et al.

No. 7183. Decided November 2, 1949. (211 P. 2d 206.)

See 5 C. J. S., Appeal and Error, sec. 1464. Declaratory judgment complaint as subject to demurrer, see note, 87 A. L. R. 1246. See, also, 16 Am. Jur. 335.

*George C. Morris,* Salt Lake City, for appellant.

*Thomas & Armstrong,* Salt Lake City, for respondent.

WOLFE, Justice.

Appeal on the judgment roll from an order and judgment of dismissal in an action by plaintiffs against defendants for declaratory relief. Defendants Kalm and Webber did not appear either in the trial court or in this court.

After considerable legal fencing over the merits of the original complaint (denominated "petition" by the plaintiffs) an amended "petition" was filed, to which the defendants Anderson interposed identical demurrers, alleging six separate grounds of demurrer. As to the last four grounds stated in each demurrer, the demurrers were sustained. The four grounds were:

(a) Uncertainty in certain particulars of the complaint;

(b) Several causes of action were improperly united and not separately stated;

(c) Misjoinder of parties defendant;

(d) Failure to state facts sufficient to constitute a cause of action.

The demurrers were sustained without leave to amend as against defendant Ellen M. Anderson and with leave to amend the complaint within ten days as against defendant Oluf H. Anderson. Plaintiffs elected to stand on their amended pleading, and on motion of defendants Anderson the actions were dismissed as against them. From the order and judgment dismissing the actions, plaintiffs prosecute this appeal. Unless the court erred as to all four of the grounds on which the demurrer was sustained, or stated conversely, if any one of the four grounds of demurrer was good, the judgment must be affirmed.

It has been argued generally by plaintiffs that demurrers are not appropriate in declaratory judgment suits, and they have cited to us cases and texts wherein it is stated that, as a general rule, a demurrer to the complaint is not appropriate in declaratory judgment proceedings. As regards general demurrers, that rule may generally be correct. A complaint in a declaratory judgment proceeding need not show that plaintiff is entitled to executory relief. It is ordinarily sufficient that the complaint show a bona fide legal dispute between the

parties. The fact that the allegations of the complaint do not show that plaintiff is entitled to executory relief does not mean that he may not be entitled to a declaration of his rights. However, there may be some cases where the allegations of the complaint not only fail to show a right to executory relief, but also fail to show a right to declaratory relief. In such case, there is no reason why a general demurrer should not be interposed. The reason that a general demurrer is not ordinarily an appropriate pleading in a declaratory judgment is not that it is per se an improper pleading, but that ordinarily a plaintiff will be able to state a cause of action for declaratory relief, even though he could not allege a cause of action for executory relief.

As to special demurrers, no cogent reason has been asserted, and none occurs to us, why special demurrers should not be as appropriate in a declaratory judgment suit as in any action for executory relief. For example, if the complaint contains ambiguities or uncertainties, there is no reason why these should not, in an action for declaratory relief, be attacked by the special demurrer authorized by statute, the same as in any other civil suit. The fact that the declaratory judgment procedure is an elastic remedy, and that by the terms of Section 104-64-12, U. C. A. 1943, the Declaratory Judgment Act must be liberally construed, does not give the plaintiff license to ignore all rules of good pleading. He must still state his cause of action in clear and concise language, and if he states it in ambiguous or uncertain language, his complaint is vulnerable to a special demurrer.

Utah has adopted the Uniform Declaratory Judgment Act, which appears as Chapter 64, Title 104, U. C. A. 1943. The act contains no special provisions with regard to pleading in declaratory judgment suits, and there is nothing therein to indicate that the rules of pleading generally applicable to civil actions should not be applicable in cases of this sort. Demurrers, both general and special, must be considered as proper pleadings in a

declaratory judgment suit, though general demurrers will perhaps rarely be sustainable.

Plaintiffs have argued at some length the sufficiency of the facts alleged in their complaint to state a cause of action, and they have also argued the question of misjoinder of parties defendant. But they have wholly and utterly failed to make any argument whatsoever as to the other two grounds upon which the demurrer was sustained. It is a rule oft reiterated by this court, and apparently unheeded by a substantial portion of the bar, that assignments of error not argued in the printed briefs are deemed waived. Counsel who asserts error has the burden of showing that error exists. It is not our duty to search the record in quest for error. The rules of this court requiring appellant to set forth assignments of error and to file printed briefs are based on sound policy of the law.

Since no attempt has been made by counsel for appellants to show that the court erred in sustaining the demurrers for uncertainty, and for improperly uniting causes of action without separately stating them, any assignment of error as to those rulings is deemed waived. The effect of a waiver of an assignment of error is to withdraw such assignment of error from our consideration and thus to sustain the ruling of the trial court. It follows, therefore, that the ruling of the trial court as to the two grounds of demurrer not argued is, in effect, sustained. That is determinative of the case as against the Andersons and it becomes unnecessary to consider whether the court erred in sustaining the demurrers on the two grounds which have been argued.

It may be noted that although the trial court denied plaintiffs' leave to amend as against defendant Ellen Anderson, it is not contended, either by appropriate assignment of error or by argument, that this refusal of leave to amend was error. For aught that appears in the record, plaintiffs would not have

amended as against defendant Ellen Anderson even if leave to do so had been granted.

As against defendants Kalm and Webber, the lower court, apparently on its own motion, ordered dismissal of plaintiffs' complaint as against them, on the grounds that the amended petition did not state facts sufficient to constitute a cause of action against them. ■ These defendants never appeared, either here, or in the trial court. Plaintiff contends that the judgment dismissing the complaint as against these two defendants was error.

The amended petition, insofar as it relates to the defendants Kalm and Webber, merely alleges that they were the agents of defendants Anderson for the purpose of selling a certain described piece of land owned by defendants Anderson, and that in pursuance of their agency they entered into an "earnest money agreement" on behalf of defendants Anderson to sell the land to plaintiffs. The complaint does not allege any wrongful conduct on the part of the defendants Kalm and Webber, either ex contractu or ex delicto. Nor does it indicate that Kalm and Webber claim any interest in the land or that they assert any rights in conflict with those claimed by the plaintiffs. The amended petition does not pray for any specific declaration of rights as against Kalm and Webber. We find nothing in the complaint which could be construed as an assertion by plaintiffs of any rights against defendants Kalm and Webber, nor is there anything to indicate a conflict in claims or interests. The trial court quite properly dismissed the action as against defendants Kalm and Webber.

The judgment of the trial court is affirmed, without prejudice to the right of the plaintiffs to commence a new action, as against all defendants. Costs to respondents.

PRATT, C. J., and WADE and McDONOUGH, JJ., concur.

LATIMER, Justice (concurring in part, dissenting in part).

I concur in the holding that demurrers should be applicable in actions brought under our declaratory judgment statutes. I also concur in the holding that we should affirm the trial court, but not for the reasons given in the majority opinion. A good argument could be made to show that the plaintiffs have not waived their right to have us pass on the merits of the general demurrer. However, that question involves matters of procedure and in view of our new rules which will be effective in the near future no good purpose could be accomplished by a discussion of my reasons.

I would affirm the ruling of the trial court because I do not believe plaintiffs have alleged a cause of action entitling them to declaratory relief. Factually, we are presented with an alleged agreement for the sale of certain real property signed by a husband as seller and not by his wife. The purchasers were not able to get the sellers to execute a deed to the property so they instituted an action against the husband and wife and the real estate agents seeking to have the court declare their rights to any of the following remedies: (1) Specific performance of the contract against both sellers, (2) specific performance against the husband subject to the wife's inchoate right with abatement of a portion of the purchase price, (3) damages against all defendants and (4) if damages are allowable what items are assessable.

If plaintiffs have a contract which was breached they have a common law cause of action which has already matured and the customary legal proceedings are open and available to them. The forums provided are ample and adequate and the procedure is not complicated. I believe the processes now available should generally be adopted. That is to say, where a cause of action has already accrued that is justifiable in a well recognized form of

action, declaratory relief should not ordinarily be considered.

A good rule is announced by Anderson in his text on Declaratory Judgments. I quote from par. 44, 1946, Cumulative Pocket Edition:

"Right of Damage Action Not Declared, When

"It was not the legislature's intent, that a declaratory action should take the place of the traditional action for damages for a breach of contract where information is lacking, to plaintiff, since the very name 'declaratory judgment' and the subject of its rights, status, and other legal relations, signifies rather that an uncertainty in the contract and its effect is to be removed and the proceeding should not be used for the determination of the effect of past occurrences in the performance of the contract. In other words the declaratory action cannot, under the guise of construing a contract, determine a party's right to damages for a breach."

If the plaintiffs in this case can secure from the court a declaration of their rights, remedies and items of damage, it is hard to conceive of any party who, having a cause of action of any nature against another party, might not in seeking a declaratory judgment ask the court to define his rights and to advise him on his future procedure. To permit litigants to obtain such declarations would create a situation where we would have parallel remedies in every civil suit. Instead of a party obtaining a declaration of his rights he would either determine and try every issue involved or obtain a friendly opinion upon an abstract question, to be used as the basis for a subsequent suit. Plaintiffs' cause of action, if any, has already accrued and the facts alleged in the petition establish substantially the same issues that would be involved had plaintiffs pleaded an ordinary breach of contract action. The only question of importance in this case is the ultimate liability of the husband or wife for the alleged failure to convey. In the case of *Porcelain Enamel & Mfg. Co. of Baltimore v. Jeffrey Mfg. Co.*, 177 Md. 677, 11 A. 2d 451, at page 453, the Court of Appeals of Maryland disposed of a somewhat similar suit by holding that a declaratory judgment suit should

not take the place of the ordinary civil action. I quote from that decision:

"The statute is, of course, to be given its full effect, and to be made to work as intended, without obstruction by adherence to previously established procedure if it might conflict. But at the same time, the construction of it is to be found in the meaning its provisions would have to the Legislature enacting it. *Duncan* v. *Graham*, 155 Md. 507, 510, 142 A. 593. The function of the court is to give effect to the legislative enactment, and the enactment is that which the Legislature must be supposed to have intended. It is not necessary, and would perhaps be undesirable, that a formula for service in all cases be adopted now, and the decision will be confined to the particular case. So confining it, the decision is that the Legislature cannot be supposed to have meant that resort to a declaratory judgment should take the place of an ordinary action for damages for breach of contract because information is lacking to the plaintiff. The name 'declaratory judgment', and the subject of it, 'rights, status and other legal relations,' would, in our opinion, signify rather that uncertainty in the contract and its effect are to be removed."

In the final analysis, plaintiffs seek to have the court render an advisory opinion on their rights under an accrued cause of action and to assist them in determining the proper remedy to be pursued. The trial court rightly concluded plaintiffs had not alleged facts sufficient to entitle them to relief.

With this conclusion I agree.