DONALD MAGEE AND ELEANOR MAGEE, PLAINTIFFS, v. FORD MOTOR COMPANY AND RICE AND HOLMAN, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided January 20, 1975.

*Mr. Edward N. Adourian, Jr.,* for plaintiffs (*Messrs. Tomar, Parks, Seliger, Simonoff & Adourian,* attorneys).

*Mr. William B. Scatchard, Jr.,* for defendant, Ford Motor Company (*Messrs. Capehart & Scatchard,* attorneys).

CORUZZI, J. C. C., Temporarily Assigned. The court is asked by the parties to this motion to determine the correct manner of computing post-judgment interest under *R.* 4:42–11(a). Plaintiff argues that prejudgment interest should be included with the jury verdict in determining the total amount to be used as the basis for computing post-

judgment interest. Defendant takes the position that prejudgment interest is intended to be compensatory and not punitive, and should not be compounded when calculating post-judgment interest.

*R.* 4:42-11 provides as follows:

(a) Rate. Judgments, awards and orders for the payment of money and taxed costs shall bear interest at 6% per annum from the date of entry, except as otherwise ordered by the court.

(b) Tort Actions. Except where provided by statute with respect to a public entity or employee, the court shall, in tort actions, including products liability actions, include in the judgment interest at 6% per annum on the amount of the award from the date of the institution of the action or from a date 6 months after the date of the tort, whichever is later. The contingent fee of an attorney shall not be computed on the interest so included in the judgment.

The court is persuaded by the plain language of the rule that the word "judgment" as it appears in *R.* 4:42-11(a) is intended to encompass both the jury verdict and prejudgment interest. Subsection (b) of the same rule instructs the court to include in the "judgment" prejudgment interest on the amount of the award. It is difficult to conclude that the framers of the rule intended the word "judgment" to have a different meaning in subsection (a) than it does in subsection (b).

Further support for a determination that prejudgment interest should be included in the judgment to compute post-judgment interest is found in *Busick v. Levine,* 63 *N. J.* 351 (1973), where Chief Justice Weintraub addressed the question of an insurance carrier's obligation to pay prejudgment interest where only post-judgment interest is provided for in the policy. He noted that "the carrier's obligation to pay the judgment plainly includes the obligation to pay the constituent elements of damage incorporated in that judgment, among which, of course, is the item of prejudgment interest." [63 *N. J.* at 361]

Other jurisdictions have agreed that interest which is a part of a judgment may be compounded for purposes of determining post-judgment interest. The Tenth Circuit, citing

47 *C. J. S., Interest,* § 21b, p. 34 stated: "It is the general rule that 'a judgment bears interest on the whole amount thereof, although such amount is made up partly of interest on the original obligation, and even though the interest is separately stated in the judgment.'" *North Drive-In Theater Corp. v. Park-In Theatres,* 248 *F.* 2d 232, 240 (10 Cir. 1957). See also, 45 *Am. Jur.* 2d, *Interest and Usury,* § 78 (1969); *Wenzler v. Pitchess,* 359 *F.* 2d 402 (9 Cir. 1966); *McFarlane v. Winters,* 114 *Utah* 502, 201 *P.* 2d 494 (Sup. Ct. 1949).

Accordingly, an order allowing for the specified increase on the post-judgment interest assessment will be granted.