No. 80-190

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

O'NEIL LUMBER COMPANY,

                    Plaintiff and Appellant,

        -vs-

THE NICKELODEON COMPANIES,
DORIS McCARTER, Secretary, J.R.
McCARTER, Presidient,

                    Defendants and Respondents.

Appeal from:    Dist. Court of the Eleventh Judicial District,
                In and for the County of Flathead, The Honor-
                able Robert C. Sykes, Judge presiding.

Counsel of Record:

    For Appellant:

        Jerry O'Neil, Pro Se, Kalispell, Montana

    For Respondent:

        E. Eugene Atherton, Kalispell, Montana
        *Hon. Mike Greely Attorney General, Helena, Mont*

                    Submitted on Briefs:  August 13, 1980

                              Decided:  *October 8, 1980*

Filed:  OCT 8 - 1980

                    *Thomas J. Kearney*
        ─────────────────────────────── Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

O'Neil Lumber Company, proceeding pro se, filed suit in the Eleventh Judicial District Court of the State of Montana, in and for the County of Flathead, alleging The Nickelodeon Companies had failed to make payment on materials supplied by O'Neil. The trial court granted judgment in favor of plaintiff but would not allow attorney fees or interest at a rate of 1.5 percent per month on the unpaid balance as asked. Plaintiff appeals.

On July 30 and August 9 of 1979, defendant agreed to purchase certain building materials from plaintiff for $1,666.60. The purchases were itemized and identified on four invoices. Each invoice stated that a 1.5 percent service charge would be levied on past-due accounts. The materials were delivered, but after numerous requests by plaintiff, defendant failed to tender payment.

On November 5, 1979, plaintiff filed a mechanic's lien against defendant's real property in the amount of $1,716.96, representing the amount due on the unpaid account and a service charge at the rate of 1.5 percent for two months. Plaintiff also asked for post-judgment interest at a rate of 1.5 percent per month, attorney fees, and costs. The present action was filed in District Court for foreclosure of said lien.

After the District Court denied plaintiff's motion for summary judgment, the matter was tried in chambers on May 16, 1980. At the beginning of the trial, defendant filed a confession of judgment for the full amount of the purchases, plus interest at a legal rate and all accumulated and taxable costs. Plaintiff rejected the confession of judgment.

The District Court thereafter rendered findings of fact, conclusions of law and judgment in favor of plaintiff for the amount of purchases $1,666.60, plus interest at a rate of 10 percent per annum and all accumulated and taxable costs amounting to $37.04. The trial court disallowed attorney fees.

Two issues are raised on appeal:

1. Whether the trial court erred in disallowing as liquidated damages a service charge at a rate of 1.5 percent per month on the unpaid balance.

2. Whether the trial court erred in refusing to allow attorney fees.

Appellant argues that the invoices specifying an interest rate of 1.5 percent on the unpaid balance coupled with respondent's prior dealing with him is sufficient evidence to represent a contractual obligation and should be enforced as such. Respondent, on the other hand, argues that appellant's failure to plead and prove the existence of a written agreement, signed by both parties, prescribing the exact terms of the retail installment transaction, prevent appellant from being entitled to a 1.5 percent service charge. Respondent further argues that appellant's failure to plead and prove the existence of an express contract in writing fixing a different rate of interest precludes it from collecting post-judgment interest at a rate in excess of that allowed by law.

Regarding the first issue, section 31-1-241(4), MCA, of the Montana Retail Installment Sales Act, states that ". . . a retail charge account agreement may provide for and the seller or holder may charge, collect, and receive a finance charge as specified herein for the privilege of paying

installments thereunder." The finance charge may not exceed a monthly rate of 1.5 percent. This statute clearly indicates that the interest rate charged by appellant was not in excess of that allowed by law. The question remaining is whether invoices represent a retail installment contract.

We remember the words of Justice John H. Clarke:

"The parties to the contract, with full understanding of the results of delay, and before differences or interested views had arisen between them, were much more competent to justly determine what the amount of damage would be--an amount necessarily largely conjectural and resting in estimate--than a court or jury would be . . ." Wise v. United States (1919), 249 U.S. 361, 366-67, 39 S.Ct. 303, 63 L.Ed. 647.

We hold that the invoices, two of which were signed by both parties, describing the materials purchased and stating the amount, including interest rate to be charged, are sufficient evidence to obligate respondent to pay 1.5 percent on the unpaid balance from September 1979 to May 1980. Although the invoices do not meet all the statutory specifications of a retail installment contract, the validity of the transaction is in issue; therefore, appellant's admission as to the authenticity of the invoices and appellant's confession of judgment more than adequately evidence that these purchases were retail installment transactions and should be enforced as such. See §28-2-905(1)(b), MCA. Also, pursuant to section 25-9-205, MCA, respondent is liable for post-judgment interest at a rate of 10 percent per annum plus accumulated and taxable costs amounting to $37.04.

There was no evidence or contention before this Court that Jerry O'Neil, a vice president of and attorney pro se for O'Neil Lumber Company, is duly admitted and licensed to practice law in Montana. Section 37-61-215, MCA, provides:

> "It shall be unlawful for any court within this state to allow attorney fees in any action or proceeding before said court in which attorney fees are allowed by law to either party to such action or proceeding when such party is represented by anyone other than a duly admitted or licensed attorney at law."

Therefore, the trial court did not err in refusing appellant attorney fees.

The judgment of the trial court is affirmed as to the refusal of attorney fees and the allowance of post-judgment interest at a rate of 10 percent per annum plus costs; the judgment is reversed as to the disallowance of a 1.5 percent service charge as liquidated damages.

_____
Justice

We concur:

_____
Chief Justice

_____
Justices