*The judgment is reversed and the case remanded for further proceedings.*

**MACCABEES MUTUAL LIFE INSURANCE COMPANY, Plaintiff, Appellant,**

v.

**Juan F. PEREZ–ROSADO & Miguel A. Rosario, Defendants, Appellees.**

**No. 79–1668.**

United States Court of Appeals, First Circuit.

Submitted June 6, 1980.

Decided Feb. 18, 1981.

Guillermo Silva Janer and Gonzalez, Casse & Silva, Hato Rey, P. R., on brief, for plaintiff, appellant.

Hector A. Colon Cruz, Sol. Gen. and Reiner Colon De Rodriguez, Asst. Sol. Gen., San Juan, P. R., on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and CAFFREY, District Judge.*

CAFFREY, District Judge.

The plaintiff life insurance company brought this action seeking a declaratory judgment that the defendant insurance salesmen were not entitled to vacation leave and Christmas bonus payments under two laws of the Commonwealth of Puerto Rico.[1] The plaintiff relied on the allegedly exempt status of the defendants as "outside salesmen" and the preemptive effect of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* The district court denied the plaintiff's motion for summary judgment and dismissed the action. The present appeal followed.

The plaintiff's major contention is that any beneficial wage and hour protection for defendant salesmen lies within the scope of the FLSA and not within the power of the Commonwealth of Puerto Rico. The plaintiff concludes that since the federal statute exempts the "outside salesmen" from its protection, the Commonwealth of Puerto Rico must also follow the single federal regulatory scheme and refrain from extending the benefits of its legislation to the defendants. Such preemption analysis is wide of its mark. This is not even a close preemption case and we affirm the district court's denial of plaintiff's motion for summary judgment and its dismissal of the complaint.

█ Christmas bonuses and vacation pay are the sums at stake for the two defendants in this action.[2] The defendants rely on the two state statutes cited above for their entitlement to such employee benefits. The FLSA contains nothing to prohibit such public welfare state legislation, even assuming that the defendants are "outside salesmen", and the provision of these benefits is not contrary to the policy of the FLSA, which is to protect employees from excessive hours and substandard wages.

█ In a preemption case, assuming that there is no constitutional challenge, one must first determine whether the federal statute prohibits any and all state regulation of that particular activity. *Jones v. Rath Packing Co.*, 430 U.S. 519, 525, 97 S.Ct. 1305, 1309, 51 L.Ed.2d 604 (1977); *City of Boston v. Harris*, 461 F.Supp. 1201 (D.Mass.1978). The FLSA does not expressly prohibit state legislation in the area of wages and working conditions. "To the contrary, it [FLSA] specifically contemplates state regulation" of labor conditions. *Doctors Hospital, Inc. v. Silva Recio*, 558 F.2d 619 (1st Cir. 1977). See 29 U.S.C. § 218(a).

Nor does the federal statute implicitly prohibit state regulation by occupying the whole field and leaving no room for supplementary state provisions. *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). Courts have upheld the state laws at issue here, *Keystone Collection Service Inc. v. Recio*, 389 F.Supp. 164 (D.Puerto Rico 1975), as laws "with a social redeeming value and purpose" and authorized under the traditional "police power" belonging to states. One cannot claim that the FLSA supersedes all such state activity unless one can demonstrate that such was the "clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp., supra.* The plaintiff has failed to make such a demonstration here and prior FLSA cases point to the same result. *Doctors Hospital Inc. v. Silva Recio, supra.*

---

* Of the District of Massachusetts, sitting by designation.

1. The Commonwealth Minimum Wage Board's Mandatory Decree 60, promulgated under Law 96 of June 26, 1956, as amended, 29 L.P.R.A. § 245 *et seq.*; The Christmas Bonus Act, Law 148 of June 30, 1969, as amended, 29 L.P.R.A. § 501 *et seq.*

2. The sums are relatively small, totaling $654.56 for defendant Miguel A. Rosario and $1076.53 for defendant Juan F. Perez-Rosado.

The second level of preemption analysis is to determine whether any conflict between state and federal laws is severe enough to mandate a federal override of the state provision. *Jones v. Rath Packing Co., supra.* The conflict which plaintiff identifies is that the FLSA exempts "outside salesmen" from protective wage benefits while the two Puerto Rican statutes do not. The basic error in the plaintiff's analysis is that it fails to realize that the FLSA did not exempt "outside salesmen" from all kinds of wage and hour protection; it merely exempted such employees from the minimal federal protection offered in the Act. There is no reason to doubt that the states themselves retain traditional police powers which can be directed for the benefit of federally exempt employees. *See Kargman v. Sullivan,* 558 F.2d 612 (1st Cir. 1977).

*Affirmed.*