**Homer L. BURRELL, Petitioner,**

v.

**James L. HANGER, Respondent.**

**No. 6190.**

Supreme Court of Alaska.

Sept. 10, 1982.

Homer L. Burrell, Anchorage, petitioner, pro se.

James R. Slaybaugh, Pletcher & Slaybaugh, Anchorage, for respondent.

Before BURKE, C. J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

OPINION

PER CURIAM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Homer L. Burrell, an attorney appearing pro se, filed suit in district court against James L. Hanger. Burrell alleged that Hanger had failed to pay a bill for legal services in the sum of $1,500.00. The jury returned a verdict for Burrell in the amount of $500.00.

Pursuant to Alaska Civil Rule 82(a), which provides for the award of attorney's fees to prevailing parties, the district court awarded Burrell attorney's fees of $125.00.[1] Hanger appealed the award of attorney's fees to superior court. The superior court reversed the district court, and held that a prevailing pro se attorney could not receive fees under Civil Rule 82. Burrell petitioned

---

1. Alaska Civil Rule 82(a) provides:

    (1) Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein:

    ATTORNEY'S FEES IN AVERAGE CASES

    |  |  | Contested | Without Trial | Non-Contested |
    |---|---|---|---|---|
    | First | $2,000 | 25% | 20% | 15% |
    | Next | $3,000 | 20% | 15% | 12.5% |
    | Next | $5,000 | 15% | 12.5% | 10% |
    | Over | $10,000 | 10% | 7.5% | 5% |

    Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court in its discretion in a reasonable amount.

    (2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

    The district court used the schedule in part (1) of the rule to award Burrell the fee of $125.00, i.e., 25% of $500.00.

this court and we granted his petition. The issues for determination are whether Burrell should receive an award of attorney's fees, and if so, how much.

## II. PRO SE ATTORNEY'S FEES UNDER CIVIL RULE 82(a)

■ *Sherry v. Sherry,* 622 P.2d 960, 966 (Alaska 1981), controls the result on the question of whether Burrell should receive attorney's fees. In *Sherry,* the superior court had dismissed an action without prejudice at the plaintiff's request. We held that the defendant who was an attorney appearing pro se could receive an award of attorney's fees under Alaska Civil Rule 41(a) which addresses voluntary dismissals.[2]

The instant case concerns Alaska Civil Rule 82(a) whereas *Sherry* concerned Alaska Civil Rule 41(a). However, the principle is the same and we see no reason to deny attorney's fees to the pro se attorney under Civil Rule 82(a) while granting them under Civil Rule 41(a). Accordingly, we hold that Burrell should receive attorney's fees under Civil Rule 82(a).

■ We must now determine whether the $125.00 which the district court awarded Burrell was the correct amount. Burrell suggests that the district court may have erred because in awarding the $125.00, it did not employ the segregation of time procedure set forth in *Sherry.* For the following reasons, we conclude that the procedure used in *Sherry* does not apply to the instant case, and that the district court used the correct procedure. In *Sherry,* attorney's fees were awarded under Civil Rule 41(a) based on the number of hours the pro se attorney had worked. We held that the pro se attorney could receive attorney's fees only for the time he had expended on the case as an attorney active in the litigation, and not for the time he had expended in the role of a client. Accordingly, we required the trial court in *Sherry* to segregate the hours expended in the attorney role from the hours expended in the client role.

The procedure set forth in *Sherry* need not apply to this case. Here the district court did not base its award on the number of hours Burrell worked on the case, and thus it did not segregate between hours in the attorney role and hours in the client role. Rather, the district court used the schedule set forth in Civil Rule 82(a)(1). Under this schedule, a party who recovers a money judgment receives attorney's fees equal to a fixed percentage of the money judgment. Burrell recovered a money judgment of $500.00. The schedule provides that for money judgments of $2,000.00 or less, a party should receive attorney's fees equal to twenty-five percent of the money judgment. The district court awarded Burrell attorney's fees of $125.00. Thus, the district court correctly determined the amount of attorney's fees to be awarded pursuant to the schedule in Civil Rule 82(a)(1).[3]

2. Alaska Civil Rule 41(a) reads:

(a) Voluntary Dismissal—Effect Thereof.

(1) *By Plaintiff-By Stipulation.* Subject to the provisions of Rule 23(c), of Rule 66 and of any statute of the state, an action may be dismissed by the plaintiff without an order of the court: [a] by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or [b] by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state, or of any other state, or in any court of the United States, an action based on or including the same claim.

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

3. Should the trial court determine that "... the money judgment is not an accurate criteria for

This case is remanded to the superior court with instructions to vacate its judgment and to reinstate the judgment of the district court.

REVERSED and REMANDED for further proceedings consistent with this opinion.

determining the fee . . .", it would then become   necessary to segregate time.