Karen W. STROUD (Miller), Plaintiff
and Respondent,

v.

James M. STROUD, Defendant
and Petitioner.

No. 870244.

Supreme Court of Utah.

June 10, 1988.

David S. Dolowitz and Julie A. Bryan, Salt Lake City, for defendant and petitioner.

Mikel M. Boley, Salt Lake City, for plaintiff and respondent.

### ON CERTIORARI TO THE UTAH COURT OF APPEALS

HALL, Chief Justice:

The petition for a writ of certiorari was granted in this case for the limited purpose of deciding whether a trial court has the power to stay the statutory accrual of interest on a judgment for unpaid child support.

In 1972, the parties' marriage was terminated by a decree of divorce. Under the provisions of that decree, plaintiff was awarded the care, custody, and control of the minor children and defendant was ordered to pay monthly child support.

Over twelve years later, the trial court, pursuant to an order to show cause, entered a judgment against defendant for approximately $18,000 in unpaid child support. Thereafter, defendant filed a motion to stay execution and accrual of interest on the judgment "so long as he made specified payments towards the judgment and met current child support obligations." Although the trial court granted defendant's motion to stay execution on the judgment, the court ruled that it did not have the power or authority to prevent the accrual of interest on the unpaid amount. Defendant appealed the trial court's decision to the Utah Court of Appeals, which in a precise decision affirmed the court's ruling.[1] Thereafter, we granted certiorari.

The issue presented requires interpretation of Utah Code Ann. § 15-1-4 (1986), which provides:

> 15-1-4. Interest on judgments.
>
> Any judgment rendered on a lawful contract shall conform thereto and shall bear the interest agreed upon by the parties, which shall be specified in the judgment; other judgments *shall* bear interest at the rate of 12% per annum.

(Emphasis added.) Notwithstanding the express language of this statute, defendant cites Utah Code Ann. § 30-3-5(1) (Supp. 1984) (amended 1985)[2] for the proposition that trial courts have authority to suspend interest payments in domestic relations proceedings when such action is determined to be equitable. That section provided in part: "When a decree of divorce is rendered, the court may include in it such orders in relation to the children, property and parties, and the maintenance and health care of the parties and children, as may be equitable." Defendant contends that pursuant to this statute, the trial court erred in ruling that it had no power to stay the accrual of interest in the instant case. We disagree.

---

1. *Stroud v. Stroud,* 738 P.2d 649 (Utah Ct.App. 1987).

2. Changes in the present version of Utah Code Ann. § 30-3-5 do not affect the outcome of this case.

First, the plain, unambiguous language of section 15–1–4 prohibits granting the relief defendant seeks. Indeed, in no uncertain terms, the subject statute provides that unless otherwise specified, judgments *shall* bear interest at the rate of twelve percent per annum. While courts have broad equitable powers to generally adjust financial and property interests to meet the ends of justice and the problems often faced in domestic relations cases,[3] in order to construe the language of the statute as not requiring the mandatory accrual of interest, it becomes necessary to obtrude conditions and qualifications the legislature did not see fit to impose. This we decline to do. Rather, we follow the well-accepted rules of statutory construction that the provisions must be harmonized with the legislative intent and purpose[4] and that the more specific provisions of section 15–1–4 take precedence over and control the more general provisions of section 30–3–5(1).[5] Such decision is supported by recent legislative enactment regarding payment under child support orders,[6] as well as by this Court's past handling of similar issues in other domestic relations cases.[7]

Second, to allow a reduction as defendant wishes would thwart the intention of the statute by rewarding those who withhold or are delinquent in child support payments. This we also will not do.

Plaintiff is entitled to the statutory rate of interest on the judgment until payment is made in full. The judgment of the trial court is affirmed. Costs to respondent.

HOWE, Associate C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.

---

**3.** *See Stroud, supra* note 1, and cases cited therein.

**4.** *Forbes v. St. Mark's Hospital,* 754 P.2d 933 (1988).

**5.** *Id.; see also Millett v. Clark Clinic Corp.,* 609 P.2d 934, 935–36 (Utah 1980) ("[W]here the operation of two statutory provisions is in conflict, that provision which is more specific in its application will govern over that which is more general.").

**6.** *See* Utah Code Ann. § 30–3–10.6(1)(a).

**7.** *See Stroud, supra* note 1, and cases cited therein.