Dear Mrs. Smith:
This opinion is in response to your question asking:
 Does the United States Fair Labor Standards Act have priority over Missouri Child Labor Laws, Chapter 294-RSMo.
The child labor provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 212, state in relevant part:
 (a) No producer, manufacturer, or dealer shall ship or deliver for shipment in commerce any goods produced in an establishment situated in the United States in or about which within thirty days prior to the removal of such goods therefrom any oppressive child labor has been employed; . . .
 (c) No employer shall employ any oppressive child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce.
Title 29 U.S.C. § 213(c) and (d) lists four occupations which are exempted from the above-quoted provisions § 212. They are: agriculture, the delivery of newspapers to the consumer, homeworkers engaged in the making of wreaths composed principally of natural holly, pine, cedar or other evergreens, and actors or performers in motion pictures, theatrical productions, or radio or television productions.
Also, § 212 of the federal Act is limited in its coverage under both subsections (a) and (c) by the definitions of "in commerce," and "in the production of goods for commerce." "Commerce" is defined in 29 U.S.C. § 203(b) as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." In Mitchell v. Zachry Company, 362 U.S. 310,4 L.Ed.2d 753, 80 S.Ct. 739 (1960), the United States Supreme Court held that:
 By confining the Act to employment "in commerce or in the production of goods for commerce," Congress has impliedly left to the States a domain for regulation. For want of a provision for an administrative determination, by an agency like the National Labor Relations Board, the primary responsibility has been vested in courts to apply, and so to give content to, the guiding yet undefined and imprecise phrases by which Congress has designated the boundaries of that domain. 362 U.S. at 314.
Without going into a detailed definition of the term "commerce," which is not necessary for the purposes of this opinion, it is clear that the Fair Labor Standards Act has not been construed to prohibit any and all state regulation of this subject. In fact, 29 U.S.C. § 218(a), states in relevant part:
 No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum work week established under this chapter, and no provision of this chapter relating to the employment of child labor shall justify noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this chapter. [emphasis added]
See also, Maccabees Mutual Life Insurance Company v. Perez-Rosado,641 F.2d 45, 46[2, 3] (1st Cir. 1981); DoctorsHospital, Inc. v. Silva Recio, 558 F.2d 619, 622[2] (1st Cir. 1977).
The term "oppressive child labor," as used in29 U.S.C. § 212, is defined in 29 U.S.C. § 203(1) as:
 [A] condition of employment under which (1) any employee under the age of sixteen years is employed by an employer (other than a parent or a person standing in place of a parent employing his own child or a child in his custody under the age of sixteen years in an occupation other than manufacturing or mining or in a occupation found by the Secretary of Labor to be particularly hazardous for the employment of children between the ages of sixteen and eighteen years or detrimental to their health or well-being) in any occupation, or (2) any employee between the ages of sixteen and eighteen years is employed by an employer in any occupation which the Secretary of Labor shall find and by order declare to be particularly hazardous for the employment of children between such ages or detrimental to their health or well-being; but oppressive child labor shall not be deemed to exist by virtue of the employment in any occupation of any person with respect to whom the employer shall have on file an unexpired certificate issued and held pursuant to regulations of the Secretary of Labor certifying that such person is above the oppressive child-labor age. The Secretary of Labor shall provide by regulation or by order that the employment of employees between the ages of fourteen and sixteen years in occupations other than manufacturing and mining shall not be deemed to constitute oppressive child labor if and to the extent that the Secretary of Labor determines that such employment is confined to periods which will not interfere with their schooling and to conditions which will not interfere with their health and well-being.
That term is further explained in 29 CFR §§ 570.117-570.126, with guidelines concerning conditions of employment in the specific situations set out therein.
Title 29 CFR § 570.129 also provides in relevant part that:
 The child labor requirements of the Fair Labor Standards Act, as amended, must be complied with as to the employment of minors within their general coverage and not excepted from their operation by special provision of the act itself regardless of any State, local, or other Federal law that may be applicable to the same employment. Furthermore, any administrative action pursuant to other laws, . . . does not necessarily relieve a person of liability under this act. Where such other legislation is applicable and does not contravene the requirements of the Fair Labor Standards Act, however, nothing in the act, the regulations or the interpretations announced by the Secretary should be taken to override or nullify the provisions of these laws. Although compliance with other applicable legislation does not constitute compliance with the act unless the requirements of the act are thereby met, compliance with the act, on the other hand, does not relieve any person of liability under other laws that establish higher child labor standards than those prescribed by or pursuant to the act. Moreover, such laws, if at all applicable, continue to apply to the employment of all minors who either are not within the general coverage of the child labor provisions of the act or who are specifically excepted from their requirements.
While it is obvious that the Missouri Child Labor Law would be pre-empted should its provisions conflict with those of the Fair Labor Standards Act with respect to a subject area within the jurisdiction of the federal Act, it is also apparent that the intent of Congress in enacting the federal Fair Labor Standards Act, particularly as to its child labor provisions, was not to occupy the entire field in this area. Instead, the Act was intended to create a minimum "floor" of regulations and standards to be followed in the area, and to leave the states free to enact standards either more restrictive to the employer or more favorable to the employee in areas within the coverage of the federal law. In areas exempted under the federal law or outside the realm of "commerce," the Act was intended to allow the states to regulate in any manner they deem proper.
CONCLUSION
It is the opinion of this office that the federal Fair Labor Standards Act pre-empts the Missouri Child Labor Law, Chapter 294, RSMo, to the extent, if any, that the Missouri Child Labor Law is in conflict with the intent and policy of the federal Act. However, the Fair Labor Standards Act was not intended by Congress to prohibit state regulation of child labor by occupying the whole field in this area, but instead leaves the states free to enact laws either more restrictive to employers or more favorable to employees. The state is also free to regulate in any manner it deems proper any areas exempted from the coverage of the Fair Labor Standards Act, or any subject areas not falling within the Act's definition of "commerce."
The foregoing opinion, which I hereby approve, was prepared by my assistant, Carl S. Yendes.
Very truly yours,
 JOHN ASHCROFT Attorney General