**Ralph JACKETTA and Jay Price, Plaintiffs and Appellants,**

v.

**UTAH SAND AND GRAVEL PRODUCTS CORPORATION, a corporation, Defendant and Respondent.**

**No. 13448.**

Supreme Court of Utah.

May 23, 1974.

A. Park Smoot, Murray, for plaintiffs-appellants.

Elliott Lee Pratt, of Clyde, Mecham & Pratt, Salt Lake City, for defendant-respondent.

ELLETT, Justice:

The plaintiffs appeal from an adverse decision by the trial court holding that neither of them was entitled to overtime pay. This action was commenced pursuant to 29 U.S.C. § 201 et seq. (Fair Labor Standards Act), and the question involved herein is whether or not the plaintiffs were administrative employees. If they were, then they were exempt and not entitled to overtime pay.

In determining that an employee works in an administrative position, the court must find that the employee:

(A) Performs non-manual work directly related to management policies or general business operations of the employer.

(B) Customarily and regularly exercises discretion and independent judgment.

(C)(1) Assists a proprietor or employee employed in a bona fide executive or administrative capacity; or (2) performs only general supervision work along specialized or technical lines requiring special training, experience or knowledge, or (3) executes under general supervision special assignments and tasks.

(D) Does not devote more than 20 per cent of his time to activities not directly and closely related to the performance of the work as set out above.

(E) Receives not less than $125.00 per week.

The case was tried to the court sitting without a jury over a period of four days.

The plaintiffs are dispatchers of trucks hauling sand and gravel from the sand pits to the cement plant, and of trucks hauling cement to various jobsites of purchasers.

While the company has rules about the order in which the various truckers should be directed in their hauling operations, those rules are not self-executing, and it is the duty of these plaintiffs to implement and enforce the rules and to assign the various drivers to the hauling to be done.

The plaintiffs claim that they are not exempt employees under the statute and argue that they do not customarily and regularly exercise discretion nor do they work 80 per cent of their time at the work of dispatching trucks.

Each plaintiff testified to the percentage of work he performed in the various assignments, but the trial court was not obligated to believe such exact mathematical estimations.[1]

Certainly each plaintiff received a salary greater than $125.00 per week. Each per-

---

[1] Mr. Price testified that he devoted 10 per cent of his time to adding sales tickets, 40 per cent to weighing trucks and writing sales tickets in connection therewith, 35 per cent taking orders on the phone, and 15 per cent sweeping floors, cutting lawns, and shoveling snow.

formed non-manual work which was directly related to the general business operations of the employer. They each exercised discretion under the rules adopted by the defendant and assisted an employee of the defendant who was in an executive or administrative capacity in that they kept the business operations of the employer running smoothly. They also used discretion in keeping the trucks moving so as to satisfy the requirements of the customers of the employer.

The trial court found that each of the plaintiffs was exempt under the statute, and we believe that the evidence sustains that finding. As employees in administrative positions the plaintiffs are not entitled to the benefits of the statute for any overtime services which they may have rendered.

The judgment of the trial court is affirmed. Since this case seems to be in the nature of a test case, no costs are awarded.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.