**STATE of Utah, In the Interest of K.T.S. and K.S., persons under eighteen years of age.**

**T.S. and K.S., Appellants,**

v.

**STATE of Utah and Jini L. Roby, Guardian Ad Litem, Appellees.**

**No. 950693–CA.**

Court of Appeals of Utah.

Oct. 3, 1996.

---

D. John Musselman, Provo, for Appellants.

Jan Graham and Carol Verdoia, Salt Lake City, for Appellee State of Utah.

Jini L. Roby, Provo, Guardian Ad Litem.

Before ORME, P.J., and JACKSON and WILKINS, JJ.

PER CURIAM:

Appellants, T.S. and K.S., the natural parents of K.T.S. and K.S, appeal the trial court's determination that K.T.S. was abused and K.S. was neglected and therefore the juvenile court had jurisdiction over both children. Appellants contend that without a finding that the parents were responsible for the abuse, the children could not be defined as abused or neglected under Utah Code Ann. § 78–3a–2 (Supp.1995).

At age four months, K.T.S. was diagnosed with a skull fracture, a clavicle fracture, and a previous fracture of the tibia, with no available explanation for the cause of the injuries. Both K.T.S. and his older sibling, K.S., were returned to the care of extended family members. At the adjudication hearing, the court found that four-month-old K.T.S. had suffered "nonaccidental physical harm; however, the evidence is insufficient to show that any such abuse was at the hands of the parents." The court also found that K.S. was a neglected child under Utah Code Ann. § 78–3a–2(16)(a) (Supp.1995) in that she was

at risk of abuse because another child in the same home had suffered abuse. After the dispositional hearing, the court ordered that K.T.S. be placed in the custody of the Division of Family Services for one month, while permitting the parents unsupervised visitation. After one month, K.T.S. was returned home. K.S. was returned home, and protective supervision was ordered for ninety days.

 The sole issue on appeal is whether the juvenile court erred in exercising jurisdiction over the children without a finding of parental fault.[1] Utah Code Ann. § 78–3a–16(2)(c)(i) (Supp.1995) provides that the juvenile court has jurisdiction over any child who is "an abused, neglected, or dependent child, as those terms are defined in Section 78–3a–2." Appellants do not dispute the finding that K.T.S. was abused and K.S. was neglected. Rather, appellants claim the court is required to find fault or causation on the part of the parent, guardian, or custodian as a condition of finding that the juvenile court had jurisdiction over the children. We disagree. The statute defines an abused child as "a child less than 18 years of age who has suffered ... nonaccidental physical or mental harm." Utah Code Ann. § 78–3a2(1) (Supp. 1995). A neglected child is defined as a child "who is at risk of being a neglected or abused child as defined in this section because another child in the same home is a neglected or abused child as defined in this section." Utah Code Ann. § 78–3a–2(15)(d) (Supp. 1995).

 "When faced with a question of statutory interpretation, we first look to the statute's plain language." *State in re H.R.V. and B.P.V.*, 906 P.2d 913, 915 (Utah App. 1995). Under the plain meaning of the statute, the juvenile court has jurisdiction over any child who is abused or neglected, without regard to whether the parents caused the abuse or neglect. *See also In re Pitts*, 38 Ohio App.3d 1, 525 N.E.2d 814, 818 (1987)(The juvenile court does not have to find fault on the part of a parent, guardian,

1. The State also contends that appellants' brief is inadequate and should be stricken under Rule 24, Utah Rules of Appellate Procedure due to inadequate citations to the record in the factual statement. We note that this court struck appellants' initial brief for failure to comply with Rule

24. Although appellants' subsequent brief is only a marginal improvement we decline to strike the brief because this case presents a pure question of law and citations to the record in the factual statement are therefore not critical to our review.

or custodian in order to find that the child is abused pursuant to the plain meaning of the statute.) The role of the parents in contributing to the children's status or condition is relevant in deciding the case on its merits, but it is of no consequence in deciding whether the juvenile court has jurisdiction. Jurisdiction is strictly a function of the children's status or condition.

The juvenile court had jurisdiction over this case. The judgment being appealed is challenged on no other basis. It is accordingly affirmed.

ORME, P.J., and JACKSON and WILKINS, JJ., concur.