Stephen R. SMITH, Jr., Plaintiff
and Appellant,

v.

Dorothy K. BATCHELOR, Larry Peter-
man, and Janae Kingston, dba Movie
Buffs, Defendants and Appellees.

No. 950470.

Supreme Court of Utah.

March 7, 1997.

Jerold D. McPhee, Salt Lake City, for plaintiff and appellant.

John T. Caine, Ogden, for defendants and appellees.

RUSSON, Justice:

Stephen R. Smith, Jr., brought this action against his former employers, Dorothy K. Batchelor, Larry Peterman, and Janae Kingston, doing business as Movie Buffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA"), and the Utah Payment of Wages Act, Utah Code Ann. §§ 34–28–1 to –19 ("UPWA"), on the basis of Movie Buffs' failure to pay back wages and overtime compensation. This case is on appeal for the third time.

We previously affirmed the trial court's grant of summary judgment in favor of Smith on his UPWA claims. *Smith v. Batchelor*, 832 P.2d 467 (Utah 1992) ("*Smith I*"). In a subsequent appeal, we determined that Smith was a nonexempt administrative worker under the provisions of the FLSA, on the basis of Movie Buffs' admission that he was paid hourly, and again remanded to the trial court, this time to determine whether Smith was entitled to liquidated damages under the FLSA or whether Movie Buffs met the good faith defense to such damages. *Smith v. Batchelor*, 879 P.2d 1364, 1370–71 (Utah 1994) ("*Smith II*"). Smith now appeals the trial court's determination that Movie Buffs met the good faith defense to the liquidated damages provision of the FLSA[1] and therefore that Smith was not entitled to liquidated damages or attorney fees. We affirm.

---

1. Section 216 of the FLSA provides:
   Any employer who violates the provisions of section 6 or section 7 of this Act [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, *and in*

## BACKGROUND

We briefly recite the facts relevant to the matter presently before us.[2] Smith, an attorney, was an employee of Movie Buffs from March 1989 to August 1989, performing computer work and occasional legal services. On August 3, 1989, after a dispute regarding vacation pay, Smith left Movie Buffs. At the time of Smith's termination, Movie Buffs owed Smith for back wages, including overtime compensation. Smith filed an action against Movie Buffs, seeking payment for back wages and overtime compensation pursuant to the FLSA and the UPWA.

The trial court granted summary judgment for Smith on his UPWA claim on the basis of evidence deemed admitted after Movie Buffs had failed to respond to Smith's requests for admission. Additionally, it denied Smith's FLSA claim on the ground that Smith could not recover under both applicable state and federal statutes for the same loss. *Smith I*, 832 P.2d 467, 470. The trial court also determined that Smith could not recover attorney fees under the UPWA because of "the equities in this case." *Id.* at 473.

On appeal, we affirmed the trial court's grant of summary judgment for Smith under the UPWA but reversed its denial of his FLSA claim. *Id.* at 470. We held that the FLSA did not preempt the UPWA and, thus, Smith could bring his action under both applicable state and federal statutes. *Id.* at 472. We also held that a pro se litigant, regardless of whether he is an attorney, cannot be awarded attorney fees under the UPWA. *Id.* at 473–74. We remanded the case for a determination of Smith's FLSA claims. *Id.* at 474.

On remand, the trial court found that Smith was an administrative worker exempt from the provisions of the FLSA, pursuant to the five-part test this court established in *Jacketta v. Utah Sand & Gravel Products*

---

*an additional equal amount as liquidated damages.*
(Emphasis added.)

2. A detailed recitation of the facts in this case can be found in *Smith v. Batchelor*, 832 P.2d 467, 468–70 (Utah 1992).

*Corp.*, 522 P.2d 702 (Utah 1974). *Smith II*, 879 P.2d at 1366–67.

Smith appealed a second time, challenging the trial court's determination that he was an exempt administrative employee and therefore neither entitled to the benefits of the FLSA nor eligible to recover attorney fees. *Id.* In *Smith II*, we held that our analysis under *Jacketta* was inconsistent with federal regulations in one critical respect. The trial court had relied on our statement in *Jacketta* that an employee must "*[r]eceive[ ]* not less than $125 per week." 879 P.2d at 1369. Therefore, since Smith was paid more than $125 per week, the trial court determined that he was an exempt administrative worker. *Id.* However, our statement in *Jacketta* was not entirely correct. In *Smith II*, we pointed out that "under the [FLSA], an employee must be 'compensated for his services on a *salary or fee basis* at a rate of not less than $155 per week' to qualify as an exempt administrative worker." *Id.* (quoting 29 C.F.R. § 541.2(e)(1) (1993) (emphasis added)). Accordingly, we held that even though Smith was serving in a professional capacity, he was not an exempt employee under the FLSA on the basis of Movie Buffs' admission that Smith was paid hourly and not on a salary or fee basis. *Id.* at 1370. We noted that "Smith's recovery under the FLSA would be limited to [liquidated damages] ... because '[o]nce the trial court awarded [him] his back wages, including overtime, under the UPWA, his wages were no longer "unpaid" ... thereby obviating Smith's claim for unpaid wages under the FLSA.' " *Id.* at 1371 (quoting *Smith I*, 832 P.2d at 470 n. 3). However, we also held that Movie Buffs had not waived its "good faith" defense to the liquidated damages provision of the FLSA, 879 P.2d at 1370–71, and we concluded, "If Smith is not awarded any liquidated damages, then he has not been awarded a 'judgment' under the FLSA and is not entitled to attorney fees and costs." *Id.* at 1371. We reversed and remanded to the trial court for a determination of Movie Buffs' "good faith" defense to the imposition of liquidated damages pursuant to the FLSA and for a determination of whether Smith should be awarded attorney fees thereunder. *Id.*

On remand from *Smith II*, the trial court made the following findings:

(1) Plaintiff and Defendants have all testified that Plaintiff was hired as an exempt salaried employee by Movie Buffs.

(2) Plaintiff's pay stubs showing an hourly wage were merely accounting procedures used by Movie Buffs' payroll accountant, and did not affect the relationship between Plaintiff and Movie Buffs that he was always paid at the salaried rate of $2,000 per month.

(3) Defendants each had reasonable grounds for believing that Plaintiff was an exempt employee of Movie Buffs and that Plaintiff was hired in good faith as an employee exempt from the requirements of the FLSA.

(4) Defendants subsequently ignored claims by Plaintiff that he was no longer an exempt employee of Movie Buffs, and failed to obtain any independent determination of whether Plaintiff was, in fact, an employee exempt from the requirements of the FLSA.

(5) Defendants failed to produce at trial any of their employment records for Plaintiff or any of their employment records for their other employees who worked with Plaintiff which were demanded by Plaintiff during discovery, and for which sanctions were subsequently sought.

(6) Plaintiff has incurred reasonable attorneys fees and costs for counsel retained to pursue his federal claim herein in the sum of $10,530.00 for 78 hours of legal services at the rate of $135.00 per hour expended in pursuing the second appeal and trial of this matter.

The trial court concluded:

Defendants have met the plain and substantial burden of proof to show, pursuant to the provisions of 29 U.S.C. § 260, that they each had a good faith belief based upon reasonable grounds that the Plaintiff's employment was that of a salaried administrator and attorney exempt from the provisions of the FLSA, and the Plaintiff was, in fact, an exempt salaried employee.

Thus, the trial court held that Smith was not entitled to liquidated damages or attorney fees under the FLSA.

Smith has now appealed a third time. He argues that the trial court's findings of fact do not support its conclusion that Movie Buffs satisfied the "good faith" defense to liquidated damages under the FLSA. Specifically, Smith argues that the trial court's finding that Movie Buffs subsequently "ignored claims by [Smith] that he was no longer an exempt employee ... and failed to obtain any independent determination of whether [Smith] was, in fact, an [exempt employee]" is inconsistent with the trial court's legal conclusion that Movie Buffs had a good faith and reasonable belief that Smith was, in fact, an exempt employee. Additionally, Smith argues that the trial court's finding that Movie Buffs failed to produce employment records during discovery is inconsistent with its legal conclusion that Movie Buffs had a good faith and reasonable belief that Smith was exempt. Finally, Smith argues that if he prevails on his FLSA claims, this court can determine the attorney fees and costs to be awarded with respect to all stages of litigation and need not remand to the trial court for such determination.

Movie Buffs responds that Smith has not disputed the trial court's findings with respect to its good faith defense and therefore this court should affirm the trial court's conclusion that Movie Buffs acted in good faith. Moreover, it argues that Smith has failed to provide any basis for disturbing the trial court's findings, that his claims are frivolous, and that there is no basis for awarding Smith legal fees.

## STANDARD OF REVIEW

We review the trial court's findings of fact for clear error and its legal conclusions for correctness. *Gillmor v. Wright*, 850 P.2d 431, 433 (Utah 1993). "Appellants must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the findings are so lacking in support that they are against the clear weight of the evidence, thus clearly erroneous." *Id.* "Furthermore, failure of a trial court to enter adequate findings requires the judgment to be vacated." *Parks v. Zions First Nat'l Bank*, 673 P.2d 590, 601 (Utah 1983) (footnote omitted); *accord Sampson v. Richins*, 770 P.2d 998, 1002–03 (Utah.Ct.App. 1989).

## ANALYSIS

In *Smith II*, we determined that Smith was not an employee exempt from the provisions of the FLSA. 879 P.2d at 1369. This conclusion was based on Movie Buffs' admission that Smith drew an hourly wage of $11.65, and because "[u]nder the [FLSA], an employee must be 'compensated for his services on a *salary or fee basis* at a rate of not less than $155 per week' to qualify as an exempt administrative worker." However, we also concluded that despite Smith's non-exempt status, Smith was not automatically entitled to liquidated damages under section 216 of the FLSA. *Id.* at 1370.

Section 216 of the FLSA provides in part:

Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). Despite the mandatory language of this provision with respect to the imposition of liquidated damages for an FLSA violation, we recognized in *Smith II* that this section must be read in conjunction with section 260 of the Portal–to–Portal Act,[3] which establishes an employer's "good faith" defense to alleged violations of the FLSA. Section 260 provides:

In any action ... to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Fair Labor Standards Act of 1938, as amended ..., if the employer shows to the satisfaction of the court that the act or omission

---

**3.** The Portal–to–Portal Act, 29 U.S.C. §§ 251–62 (1992), "contemplates that employers will be relieved, in certain circumstances, from liabilities or punishments to which they might otherwise be subject under the Fair Labor Standards Act." 29 C.F.R. § 790.2(a) (1993).

giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, ... *the court may, in its sound discretion, award no liquidated damages or award any amount thereof* not to exceed the amount specified in section 216 of this title [29 U.S.C. § 216].

29 U.S.C. § 260 (emphasis added). Accordingly, we concluded in *Smith II* that if the trial court found on remand that Movie Buffs met its burden of proving its good faith and reasonable belief that it was not violating the FLSA, the trial court had discretion with respect to awarding Smith liquidated damages. 879 P.2d at 1370.

Smith does not challenge any of the trial court's findings but rather contends that the trial court's fourth finding, that Movie Buffs "ignored claims by [Smith] that he was no longer an exempt employee ... and failed to obtain any independent determination of whether [Smith] was, in fact, an [exempt employee]," and its fifth finding, that Movie Buffs "failed to produce at trial any of their employment records for [Smith] or any of their employment records ... which were demanded by [Smith] during discovery, and for which sanctions were subsequently sought," contradict its conclusion that Movie Buffs had a good faith and reasonable belief that Smith was an exempt employee under the provisions of the FLSA.

■ Finding number four, standing alone, would be inconsistent with the trial court's legal conclusion that Movie Buffs met the "good faith and reasonable grounds" defense. However, the trial court also concluded:

> Although there may have been some obligation for the Defendants to inquire as to whether Plaintiff's actual duties were non-exempt, the Court finds that such an inquiry, if it had been made, would have reasonably concluded that the Plaintiff's actual duties were those of an employee exempt from the requirements of the FLSA.

Thus, not only did the trial court find that Movie Buffs believed Smith was exempt at the time of hire and that Smith was always paid on a salary basis, but it also concluded that Smith was, in fact, an exempt employee under the FLSA. In *Smith II*, we held that Smith was nonexempt on the basis of Movie Buffs' admission that Smith was paid an hourly rate. However, we noted that the "reasonable grounds" inquiry was an objective inquiry and "turn[ed] on what Movie Buffs *in fact* knew concerning the terms and conditions of Smith's employment." 879 P.2d at 1371. Thus, we concluded that "Movie Buffs may present evidence which contradicts the facts it admitted by failing to respond to Smith's requests for admission." *Id.*

Accordingly, we do not agree with Smith that the trial court's findings do not support its legal conclusion that Movie Buffs met the "good faith and reasonable grounds" standard. To the contrary, not only did the trial court find that Movie Buffs had a good faith and reasonable belief that Smith was exempt from the FLSA at the time of hire, but on the basis of the fact that Smith was "always paid at [a] salaried rate," the trial court concluded that Smith was, in fact, an exempt administrative employee. Thus, it concluded that even had Movie Buffs made an inquiry as to Smith's status under the FLSA, it would have "reasonably concluded" that he was exempt.

We recognize that there are some circumstances under which an employer's failure to inquire whether its employees fall under the provisions of the FLSA would bar a finding by the trial court that the employer had a good faith and reasonable belief that its employees were exempt from the FLSA. For example, in *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464 (5th Cir.1979), the Fifth Circuit Court of Appeals reversed the district court's conclusion that the employers had satisfied the good faith defense to the liquidated damages provision of the FLSA. The Fifth Circuit Court expressed concern regarding "the inconsistency between the [district court's] finding of a flagrant violation [of the FLSA] and yet a later denial of liquidated damages based on nondefiant ignorance." 597 F.2d at 468. It continued:

> [W]e feel that good faith requires some duty to investigate potential liability under the FLSA. Even inexperienced business-

men cannot claim good faith when they blindly operate a business without making any investigation as to their responsibilities under the labor laws. Apathetic ignorance is never the basis of a reasonable belief.

*Id.* at 469 (citing *Leister v. Multi–Systems, Inc.,* 37 C.C.H. Lab. Cas. ¶ 65,425 (S.D.N.Y. 1951)). However, in the instant case, this court's holding in *Smith II* that Smith was a nonexempt employee and therefore that Smith also had a claim for compensation under the FLSA was based on Movie Buffs' admission that Smith was paid hourly, despite evidence to the contrary. 879 P.2d at 1370. Furthermore, the trial court found on remand that Movie Buffs believed Smith was exempt from the FLSA when he was hired and that he was in fact always paid on a salary basis. Accordingly, there was no "flagrant violation" of the FLSA, and in fact, the trial court concluded, notwithstanding Movie Buffs' previous admission, that Smith was in fact exempt from the provisions of the FLSA. Therefore, under the circumstances of this case, we cannot conclude that Movie Buffs' failure to investigate its obligations under the FLSA after Smith's subsequent claims "that he was no longer an exempt employee of Movie Buffs" was contradictory to the trial court's conclusion that Movie Buffs met the good faith and reasonable belief defense to the liquidated damages provision.

■ Additionally, we conclude that the trial court's fifth finding, that Movie Buffs failed to produce any employment records at trial, did not contradict its conclusion that Movie Buffs satisfied the good faith defense.

Some courts have held that a failure to produce records can bar a good faith defense. In *Dole v. Haulaway, Inc.,* 723 F.Supp. 274 (D.N.J.1989), *aff'd,* 914 F.2d 242 (3d Cir. 1990), the Federal District Court for the District of New Jersey concluded:

Defendants have failed utterly to establish either the good faith or reasonable grounds basis for escaping liquidated damages. The facts which establish the willfulness of their conduct affirmatively negate their good faith and reasonable grounds contentions. Further evidence of

bad faith and unreasonableness is defendants' evasive, dilatory and obstructive conduct after [the compliance officer] commenced his investigation.

*Id.* at 288. However, other courts have held that a court's finding of an employer's good faith was not contradicted by the employer's failure to keep records. In *Lee v. Coahoma County, Mississippi,* 937 F.2d 220, 227 (5th Cir.1991), the Fifth Circuit Court of Appeals held that an employer's failure to keep records of work times was not dispositive where "radio logs were kept from which their work times could be discerned" and other factors contributed to the trial court's finding of good faith and reasonable grounds.

In the instant case, the trial court made additional findings that the "Defendants each had reasonable grounds for believing that Plaintiff was an exempt employee of Movie Buffs and that Plaintiff was hired in good faith as an employee exempt from the requirements of the FLSA" and that "Plaintiff's pay stubs showing an hourly wage were merely accounting procedures used by Movie Buffs' payroll accountant, and did not affect the relationship between Plaintiff and Movie Buffs that he was always paid at the salaried rate of $2000 per month." Thus, there was other evidence to demonstrate the method by which Smith was paid. Additionally, the trial court concluded that Smith was, in fact, exempt from the FLSA. Accordingly, we conclude that the findings were sufficient to support the trial court's conclusion that Movie Buffs satisfied the good faith and reasonable grounds defense.

## CONCLUSION

On the basis of the foregoing, we hold that the trial court's conclusion that Movie Buffs met the good faith and reasonable grounds defense to the liquidated damages provision of the FLSA was supported by its findings of fact. Accordingly, the trial court did not abuse its discretion in declining to award Smith liquidated damages or in refusing to award him attorney fees under the FLSA. We therefore affirm.

ZIMMERMAN, C.J., and HOWE and DURHAM, JJ., concur.

STEWART, Associate C.J., does not participate herein.