STATE of Utah, in the Interest of C.M.,
C.H., C.H., and C.S., persons under
eighteen years of age.

**F.H., Appellant,**

v.

**STATE of Utah, Appellee.**

No. 971385–CA.

Court of Appeals of Utah.

Sept. 11, 1998.

John E. Laherty, Laherty & Associates,
Salt Lake City, for Appellant.

Jan Graham, Atty. Gen., and Carol L.C.
Verdoia, Asst. Atty. Gen., Salt Lake City, for
Appellee.

Martha Pierce and Elizabeth Knight, Salt
Lake City, Guardians Ad Litem.

Before BENCH, GREENWOOD and
JACKSON, JJ.

## OPINION

BENCH, Judge:

F.H. appeals a juvenile court's disposition-
al orders that deprives her of custody of her
son, and that requires her to submit to a
psychological evaluation and a drug and alco-
hol assessment. Specifically, F.H. argues
that the court's findings and conclusions ren-
dered at the adjudication hearing do not
adequately support the court's dispositional
orders. We reverse and remand for further
findings.

## BACKGROUND

F.H. is the natural mother of four children.
F.H. left her two-year old son, C.M., with her
boyfriend for several days. Thereafter, upon
noticing bruises and other injuries on C.M.,
F.H. took C.M. to a doctor. The doctor
advised F.H. to take the child to Primary
Children's Medical Center. The attending
doctor at the medical center determined that
C.M. had been physically abused because the
injuries appeared to be from nonaccidental
trauma. C.M. remained in the medical cen-
ter for about two weeks while he recovered
from his injuries.

After learning of the incident, the Division
of Child and Family Services (DCFS) peti-
tioned the Third District Juvenile Court for
custody, alleging that C.M. had suffered non-
accidental physical injuries. The petition
also alleged that F.H. had used methamphet-
amines around the time of the child's inju-
ries, and further alleged that C.M. was an
abused and neglected child.

The juvenile court awarded temporary custody of C.M. to DCFS, and thereafter adjudicated the petition. The petition alleged, among other things, "that the mother failed to protect her child from abuse or to seek appropriate medical care for him when his injuries were discovered." The juvenile court did not determine the truthfulness of that allegation in its findings of fact and conclusions of law. Instead, the court found that C.M. had been injured due to nonaccidental trauma and concluded that C.M. "is an abused child, without regard as to who the alleged perpetrator is, in that he has suffered non-accidental physical harm." Based on that adjudication, the court ordered DCFS to continue its custody of C.M. and ordered F.H. to submit to a psychological evaluation and a drug and alcohol assessment. F.H. now appeals the juvenile court's dispositional orders.

## ISSUE and STANDARD OF REVIEW

F.H. argues that the juvenile court's dispositional orders are not supported by the findings and conclusions entered at the adjudication, and are contrary to Utah law because the court failed to find that F.H. contributed to C.M.'s condition. "We review the trial court's findings of fact for clear error and its legal conclusions for correctness." *Smith v. Batchelor*, 934 P.2d 643, 646 (Utah 1997).

## ANALYSIS

Under section 78–3a–305 of the Utah Code, "any interested person" may file a verified petition alleging abuse, neglect, or dependency. Utah Code Ann. § 78–3a–305 (Supp. 1998). After the person files the petition, the juvenile court must hold a final adjudication hearing. *See id.* § 78–3a–308. "If, at the ajudication hearing, the court finds, by clear and convincing evidence, that the allegations contained in the petition are true, it shall conduct a dispositional hearing." *Id.* § 78–3a–310(1).

Although the verified petition in this case alleged, among other things, "that the mother failed to protect her child from abuse or to seek appropriate medical care for him when his injuries were discovered," the juvenile court's findings of fact and conclusions of law

are silent regarding the truthfulness of that allegation. Without ever finding that F.H. had abused or neglected to properly care for C.M., the juvenile court refused to restore custody to F.H.

The legislature recognizes that there is a "presumption that it is in the best interest and welfare of a child to be raised under the care and supervision of his [or her] natural parents." *Id.* § 62A–4a–201(1) (Supp.1998). Furthermore, "[t]he right of a fit, competent parent to raise his [or her] child has long been protected by the laws and Constitution of this state and of the United States." *Id.*

> As a counterweight to parental rights, the state, as parens patriae, has an interest in and responsibility to protect children whose parents abuse them or do not adequately provide for their welfare. There are circumstances where a parent's conduct or condition is a substantial departure from the norm and the parent is unable or unwilling to render safe and proper parental care and protection. Under those circumstances, the welfare and protection of children is the consideration of paramount importance.

*Id.* § 62–4a–201(2). When a parent fails to render safe and proper parental care and protection, "[DCFS] may obtain custody of the child for a planned period and place him in a safe environment, in accordance with the requirements of Title 78, Chapter 3a, Part 3." *Id.* § 62A–4a–201(4).

■ The juvenile court need not determine whether the parents caused the abuse or neglect when simply determining whether the court has jurisdiction over the child. *See In re K.T.S.*, 925 P.2d 603, 604 (Utah Ct.App. 1996) (per curiam). However, "[t]he role of the parents in contributing to the children's status or condition is relevant in deciding the case on its merits." *Id.* at 605. An adjudication is a decision on the merits of a case. In the context of abuse, neglect and dependency issues, " '[a]djudication' means a finding by the court, incorporated in a decree, that the facts alleged in the petition have been proved." § 78–3a–103(1)(b). Here, the juvenile court failed to determine the truthfulness of the allegation that F.H. neglected

C.M. Thus, without any finding that F.H.'s conduct substantially departed from the norm and that she was unable or unwilling to render safe and proper parental care and protection, the court erroneously deprived F.H. of custody of her child. *See id.* § 62–4a–201(2).

Because the juvenile court did not determine the truthfulness of the allegation that F.H. neglected C.M. by failing to protect him from abuse or failing to seek appropriate medical care when she discovered the injuries, we reverse the juvenile court's order and remand for further findings. "We do not intend our remand to be merely an exercise in bolstering and supporting the conclusion already reached." *Allred v. Allred,* 797 P.2d 1108, 1112 (Utah Ct.App.1990). Rather, on remand, the juvenile court must determine whether the state proved, by clear and convincing evidence, the truthfulness of the allegations contained in the petition. *See* § 78–3a–310. After making that determination, the juvenile court may then enter a dispositional order consistent with its findings. We have reviewed the other arguments made on appeal and find them to be without merit or unnecessary to this decision.

In conclusion, the juvenile court failed to determine the truthfulness of the allegations in the petition. We therefore reverse the juvenile court's dispositional order and remand for further consideration consistent with this opinion.

GREENWOOD and JACKSON, JJ., concur.